# THE UNITED STATES COURT OF APPEALS
# FOR THE FIRST CIRCUIT

_____

No. 24-2009

ANTONIO RAMOS-CRUZ.

*Petitioner – Appellee,*

v.

LORRAINE MARTÍNEZ ADORNO, in their official capacity; DOMINGO EMANUELLI HERNÁNDEZ, in their official capacity,

*Respondents – Appellants.*

ANA ESCOBAR-PABON,

*Respondent.*

## APPELLANTS' RESPONSE TO MOTION FOR CONSOLIDATION

On March 17, 2025, the Appellee filed a *Motion to Consolidate Case with Case No. 24-2150* ("Motion to Consolidate"). In support of his request, Appellee points to the purported "related nature of the cases", the fact that both appellees sought post-conviction relief together, and that both men raised similar challenges to the Puerto Rico Court of Appeals order vacating the relief afforded in 2017. In short, Appellee argues that the two appeals share procedural backgrounds and issues "that intimately overlap." Based on these general considerations, Appellee posits that "consolidating these cases would serve the interests of judicial economy."

Appellants oppose the *Motion to Consolidate* for purposes of briefing and oral argument. These appeals arise from two distinct and separate proceedings before the District Court, each with its own extensive and independent record. In fact, both appeals arise from different judgments, issued on separate dates. In addition, consolidation at this stage would be impractical, as it would necessitate the preparation and submission of an unnecessarily voluminous brief and appendix, merging two separate district court dockets, which would complicate rather than streamline the appellate process.[1] *See* Fed. R. App. P. 3(b)(2).

Further, the request for consolidation is untimely. The briefing schedule in *Ramos-Cruz* is already established, with a deadline for filing the Appellants' Brief and Appendix of March 24, 2025. The deadline for filing the Appellants' Brief and Appendix in Case No. 24-2150 is April 16, 2025. Thus, consolidation would inevitably result in delays and requests for further extensions of time, prejudicing Appellants and disrupting the orderly consideration of the appeals.

Alternatively, Appellants are amenable to consolidation of the cases solely for the Court's decisional purposes, after completion of independent briefing and separate oral arguments. Such a consolidation would preserve judicial economy without imposing unnecessary procedural burdens. See *Hall v. Hall*, 138 S. Ct. 1118,

---

[1] The proposed Appendix of each appeal is already voluminous, as the District Court received evidence from the original trial and two motions for new trial that were conducted before the Puerto Rico courts.

1128 (2018) (holding that consolidation does not merge separate actions into a single cause, thus supporting separate briefing and argument to preserve clarity and efficiency).

WHEREFORE, Appellants respectfully request that the Court deny the Motion to Consolidate for purposes of briefing and oral argument.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, this 18th day of March, 2025.

*s/Luis R. Román-Negrón*
**LUIS R. ROMAN-NEGRON**
USCA No. 91490
ROMAN NEGRON LAW, PSC
P.O. Box 360758
San Juan, PR 00936
Tel. (787) 979-2007
*Attorney for Appellants.*