No. 24-2009

# In the United States Court of Appeals for the First Circuit

Antonio Ramos Cruz, *Petitioner - Appellee*,

*v.*

Lorraine Martínez Adorno, *Warden*;
Janet Parra Mercado, *Acting Sec'y of Justice*, *Respondents – Appellants*,
Ana Escobar-Pabón, *Sec'y of P.R. Dep't of Corr. and Rehab.*, *Respondent*

On Appeal from the U.S. District Court, District of Puerto Rico

## Reply Re: Motion to Consolidate with No. 24-2150

Appellants (collectively, "Parra")[1] oppose consolidation of Parra's appeals of 28 U.S.C. § 2254 relief granted to two men who were wrongfully convicted at the same 1992 trial, received state post-conviction relief in the same order, *see* D.P.R. No. 20-cv-1589, ECF No. 191-1, and obtained federal habeas relief from the same district court for the same reasons upon review of the same trial and state post-conviction record. *Compare Ramos-Cruz v. Emanuelli-Hernández, et al.*, 20-cv-1589-FAB, 2024 WL 4403699 (D.P.R. Sept. 30, 2024), *with Meléndez-Serrano v. Escobar-Pabón, et al.*, 20-cv-1588-FAB, 2024 WL 5107193 (D.P.R. Dec. 13, 2024).

---

[1] While not yet confirmed by the Puerto Rico Senate, we refer to Acting Attorney General Parra, as her predecessor Domingo Emanuelli-Hernández has left office, and this Court has already substituted Parra in the case caption.

Parra's retained counsel insists the cases aren't all that related and protests that consolidation will force him to prepare an "unnecessarily voluminous brief and appendix." Resp. 2. That objection is baseless. Below, we explain why each argument is either demonstrably wrong or exceedingly speculative.

**1. Both Orders on Appeal Are Inextricably Linked, and Should Be Considered in a Single Appeal.**

Parra questions whether these two cases are truly related, noting that their decisions involve different docket numbers (20-cv-1588 and 20-cv-1589) and issuance dates. Resp. 2. Counsel calls the related nature of the cases "purported." The record proves otherwise.

*First,* both petitioners received habeas relief on identical legal grounds, as the nearly identical opinions and orders confirm. *Ramos-Cruz*, *supra*, 2024 WL 4403699; *Meléndez-Serrano*, *supra*, 2024 WL 5107193.

*Second,* it was undisputed that the *Meléndez-Serrano* matter had a slower pace "[d]ue to a series of procedural events." *Br. in Support of Relief Under 28 U.S.C. § 2254*, No. 20-cv-1588, ECF No. 74 at 2 (D.P.R. Dec. 6, 2024). So, in addition to basing his complaint off of that filed by Mr. Ramos, Meléndez-Serrano's final pleading borrowed "extensively from th[e] opinion" granting the writ to Mr. Ramos. *Id.* at 2-3. Otherwise, as the parties there agreed, both petitioners "were charged with

the same offen[s]e conduct, were tried together, and their appellate process was consolidated." *Id.* at 2.

Parra herself advised the court that the *Meléndez-Serrano* matter was "related to the same state court proceedings and legal issues" as *Ramos-Cruz*, so, in briefing, Parra would be referring "to the parallel habeas corpus case," *Ramos-Cruz*, in opposing relief for Meléndez-Serrano. *Br. in Opposition*, No. 20-cv-1588, ECF No. 73 at 2 (D.P.R. Dec. 6, 2024). Parra then proceeded to oppose relief in a pleading that's roughly identical to what she filed in *Ramos-Cruz*. *Compare* No. 20-cv-1588, ECF No. 73 *with* No. 20-cv-1589, ECF No. 213. From the content of Parra's arguments to the section headings and citations, the filings are roughly the same. The only exception is that Parra used the latter part of her brief against Meléndez-Serrano to critique the *Ramos-Cruz* opinion. *See* ECF No. 73 at 21-23. While Parra's critiques lack merit, she was correct about one thing: her challenge in *Meléndez-Serrano* would rise or fall based on the legal analysis in *Ramos-Cruz*, for she argued against *Ramos-Cruz* on solely legal grounds while conceding "that the circumstances in" *Meléndez-Serrano* "are virtually identical to those in *Ramos-Cruz*." ECF No. 73 at 23.[2]

---

[2] To be sure, there were a handful of disputes present in *Meléndez-Serrano*. But, even if some additional challenge were raised in briefing by Parra against either petitioner, the core substantive ruling remains the same for both men.

### 2. If Applicable Rules Are Followed, Parra's Retained Counsel's Briefing and Appendices Will Be Shorter, the Case Will Proceed More Efficiently, and All Involved Will Expend Fewer Resources.

Parra's next argument is that consolidation "would be impractical," necessitating "an unnecessarily voluminous brief and appendix." Resp. 2. But this is speculation, and it's unfounded for the following reasons. ***First,*** consolidation will likely shorten, not expand, filings. If Parra files a single brief and appendix, covering both appeals, the overall burden will surely be less. For, as discussed above, the primary dispositive question in *Meléndez-Serrano* relates back to the determinations made in *Ramos-Cruz*. *See* No. 20-cv-1588, ECF No. 73 at 21-23. Where Parra agreed "that the circumstances in" *Meléndez-Serrano* "are virtually identical to those in *Ramos-Cruz*," there's no need for Parra to submit duplicates of the same records she filed in both cases. As the rules provide, parties need only provide "relevant docket entries," "relevant portions of the pleadings," and may exclude "memoranda of law" that don't "have independent relevance." Fed. R. App. P. 30(a)(1)-(2).

***Second,*** Parra is not prejudiced by any purported "late" request for consolidation because she has not yet filed a brief in either matter. In fact, Parra has begun discussions of the appendix with us under Fed. R. App. P. 30(b)(1), but discussions have been paused since Parra's retained counsel is "still working on the Appellants'

Brief" and could not provide us "a statement of issues." Email March 18, 2025.³ In fact, Parra's carefully worded opposition stops short of providing a reason to believe a single brief and appendix would have a greater volume than the two separate appendices and briefs her retained counsel currently intends to file.

***Third,*** it's routine in habeas appeals to include multiple dockets in appendices. For instance, 28 U.S.C. § 2255 matters include both a criminal and civil docket. There, like here, the rules of court guide and assist parties to avoid what Parra fears, an "unnecessarily voluminous brief and appendix" by focusing on "relevant" entries and assuring them the court can get into the dockets as needed. Moreover, when litigation is funded by taxpayers, for example, when multiple parties are involved in appeals funded by the Criminal Justice Act, this Court provides that parties "should coordinate, to the extent possible, to file a consolidated appendix." 1st Cir. Loc. R. 30.0(d)(2).

And as to briefing, the Circuit "encourages short, concise briefs" through 1st Cir. R. 32.4, a consideration that will only be advanced rather than hindered through consolidation because Parra will not need to file identical pleadings like she did

---

³ The closest Parra got to identifying the issues was a reference to orders appealed from. But an appeal is always taken from some order entered below, so Rule 30, in this case, obviously calls for more.

between the cases below due to the purely "procedural events" that slowed the pace of *Meléndez-Serrano*.

***Fourth,*** if any individual complexity exists, respondents largely brought it on themselves. Respondents' intransigence, creative reading of court orders, and the slow trickle of deficient pleadings have already drawn court attention. *See* Appellee's Corrected Br., *Ramos-Cruz v. Emanuelli, et al.,* No. 23-1725, 2023 WL 7388031, at *5–24 (1st Cir. Sept. 25, 2023); *see also Ramos-Cruz*, 2023 WL 7411495, at *1 (1st Cir. Nov. 7, 2023) (judgment affirming release order) ("emphasiz[ing] that Respondents advance no developed challenge to the district court's order based on Petitioner's likelihood of success on the merits of his habeas claims or the district court's failure to make any express findings on that issue."). Had respondents shown that any case-specific complexity was relevant to their appeal, that still would not show that separate briefing would be more efficient or that

### 3. Consolidation at This Stage is Timely and Appropriate.

In passing, Parra suggests that the consolidation request was too late because the briefing schedules already issued, so she'd have to delay briefing by requesting "further extension of time." Resp. 2. But Parra doesn't explain why she thinks the motion is untimely, why briefing would be slowed, or why the time wouldn't be made

up when the Court is left with fewer briefs and appendices to review in the coming months.

As for the *when-to-file* question, Parra just paid the filing fee in *Meléndez-Serrano* in February, and she had delayed briefing for months in this case because her retained counsel was busy in January and wished to speak with incoming political functionaries "before making any significant filings in this case." *Motion for Ext. of Time*, No. 24-2009, at 2 (Dec. 27, 2024). We are not aware of a deadline for consolidated briefing, and the rules state that "[t]he court may act on a motion for a procedural order … at any time …." Fed. R. App. P. 27(b).

When it comes to the specter of slowing down briefing, Parra doesn't deny that the two cases' issues overlap; instead, respondents already conceded "that the circumstances in" *Meléndez-Serrano* "are virtually identical to those in *Ramos-Cruz*." ECF No. 73 at 23. So, if more extensions of time are sought, that will be due solely to respondents' decisions. Finally, even if it took some minor additional time to consolidate her briefing, Parra has no challenge to the obvious fact that this Court can more easily review a single case with a single appellant's brief and appendix than two separate cases with identical circumstances.

### 4. Parra Won't Be Prejudiced by Consolidation; Mr. Ramos Will if the Cases Are Kept Separate.

Parra's answer to the motion to consolidate actually further supports our request for multiple reasons. *First,* she doesn't deny that Mr. Ramos risks prejudice if Parra is unable to respond to identical arguments brought by respondents through their retained counsel against Meléndez-Serrano. In fact, as discussed above, she's tried to attack the *Ramos-Cruz* opinion in a *Meléndez-Serrano* pleading Mr. Ramos was not able to respond to. *Second,* faced with an opportunity to respond, respondents didn't suggest that they'll be filing any separate claims against either of the men awarded habeas relief. So, while our motion noted that it was possible that separate briefing could prejudice Mr. Ramos, that possibility now appears to be a virtual certainty.

**WHEREFORE,** Appeal Nos. 24-2009 and 24-2150 should be consolidated.

RESPECTFULLY SUBMITTED on March 20, 2025.

**RACHEL BRILL**
Federal Public Defender
District of Puerto Rico

**FRANCO L. PÉREZ-REDONDO**
Assistant Federal Public Defender,
Supervisor, Appellate Unit

s/**KEVIN E. LERMAN**\*
Assistant Federal Public Defender
First Circuit Bar No. 1194361
241 F.D. Roosevelt Ave.
San Juan, Puerto Rico 00918
T. (787) 281-4922
F. (787) 281-4899
E. Kevin_Lerman@fd.org

\***CERTIFICATION:** I ECF-filed this document, notifying counsel for the appellants. This reply complies with FRAP 27(d)(2)(c) by containing 1,497 words, less than the 2,600-word limit.