No. 24-2009

# In the United States Court of Appeals for the First Circuit

ANTONIO RAMOS CRUZ, *Petitioner - Appellee*,

*v.*

LORRAINE MARTÍNEZ ADORNO, *Warden*;
JANET PARRA MERCADO, *Acting Sec'y of Justice*, *Respondents – Appellants*,
ANA ESCOBAR-PABÓN, *Sec'y of P.R. Dep't of Corr. and Rehab.*, *Respondent*

On Appeal from the U.S. District Court, District of Puerto Rico

## RESPONSE TO PARRA'S THIRD DEADLINE EXTENSION REQUEST TO FILE INDIVIDUAL BRIEF AND APPENDIX

Appellant Parra appeals the District Court's grant of a writ of habeas corpus issued on September 30, 2024. Her retained counsel moves for a third extension of the deadline to file an individual brief and appendix. The motion lacks merit. A consolidated brief and appendix, addressing this case and the parallel appeal of co-defendant Juan Carlos Meléndez-Serrano, are required to avoid unnecessary waste, delay, and prejudice to Appellee Antonio Ramos-Cruz. *See Mot. to Consolidate*, No. 00118260451; *Reply Re: Mot. to Consolidate*, No. 00118262081. Three grounds support denying Parra's request and ordering consolidated briefing.

**1. A Single Consolidated Brief and Appendix Are Necessary.**

Parra persists in moving for separate briefing despite this Court's clear preference for consolidation. Briefing the same core issue in separate matters threatens

to exclude Mr. Ramos from essential proceedings and imposes needless burdens. [Reply](#) at 8. Parra has never convincingly denied this prejudice. And at the time consolidation was sought, it was undisputed that the appellants' brief was not completed, and Parra had not even decided on a statement of issues. [Reply](#) at 4-5. Her retained counsel confessed as much.

### 2. Parra's Counsel's Claimed Delay Justification Is Unpersuasive.

Parra doesn't proffer any representation that supports her request. Namely, retained counsel's proffer is that he'd have filed a brief and appendix yesterday had he not been burdened by an "untimely and unnecessary issue … raised [yesterday] morning" when we advised him that the contents of his proposed appendix do not comply with the applicable rules that prevent submission of large masses of irrelevant pleadings.

But, as we explained to Parra's counsel, our concerns were timely raised; and compliance with court rules is necessary. Under the Court's rules, Parra could not have reasonably expected earlier review of her proposed appendix contents. If anything, we expressed patience and civility with Parra's counsel, offering to speak further about the appendix and providing two preliminary responses within Fed. R. App. P. 30(b)'s 14-day window. Nor did not we fault Parra for failing to abide by the Rule's requirement that, "[i]n the absence of an agreement, the appellant must,

within 14 days after the record is filed, serve on the appellee a designation of the parts of the record the appellant intends to include in the appendix and a statement of the issues the appellant intends to present for review." Considering the need to consolidate, it appeared Parra's late request wouldn't cause any harm.

Yet, in light of yesterday's proffer by Parra, it's become pertinent that Parra transgressed the timeline to settle the contents of the record; and Parra simultaneously disregarded Rule 30(b)'s 14-day notice period. While the District Court's [abbreviated record](#) was docketed November 8, 2024, Parra's counsel didn't approach appendix discussion until Saturday, March 15, 2025. This was over four months later. Moreover, counsel's Saturday email came just six working days before Parra's brief and appendix were due. As such, it was apparent to any reasonable observer that it would not be feasible for Parra to meet the brief and appendix deadline. Again, given the path toward consolidation, this issue was previously benign.

But still the late record designation raised immediate concerns given Appellants' stated intention to dump 100 separate files into the appendix. Still, rather than presume bad faith, we simply asked Parra's counsel to provide the Rule 30-required "statement of the issues the appellant intends to present for review." Parra's counsel, though, couldn't provide it. And at this point, counsel had just three working days before Parra's filing deadline. The motion to consolidate was still pending.

After this point, Parra didn't follow up with the missing issue statement. And Parra's counsel didn't explain why 100 separate documents and their attachments were relevant while other omitted documents weren't. So, on the face of Rule 30(b), Parra's counsel would need to wait out the 14-day notice period, which we presumed would happen—especially considering the pending motion to consolidate and Parra's undeveloped response to it.

As such, considering the relevant rules and case background, the communication yesterday morning was not the start of any "untimely" or "unnecessary" issue; it was the continuation of critical consultation that Parra put off for four months since the record was filed. And our caution is warranted by the conspicuously large mass of documents listed and Appellants' prior conduct both in the District Court and before this Court during their prior unmeritorious bail appeal filed in 2023. That case saw the filing an excessive non-compliant appendix of just under 4,000 pages. *See* 1st Cir. 23-1725, Appendix. Appellants' appendix there contained huge amounts of untranslated Spanish-language documents that had been left untranslated despite court orders, the Habeas Rules, the Jones Act, and the rules of this Court.

### 3. Parra's Omission of Related Proceedings Contributed to the Delay.

If more were needed to situate the parties' reasonable expectations regarding the settling of the appendix and consolidation, we note the following two points. First, the appendix and consolidation issues would probably have been resolved earlier but for two actions by Parra. To begin, she failed to accurately inform the Court of the related *Meléndez-Serrano* case. Parra's docketing statement omitted the related matter, checking "no" to the question of whether any related issues are pending in "any district court of this circuit":

> D. Are any related cases or cases raising related issues pending in this court, any district court of this circuit, or the Supreme Court? ☐ Yes  ☑ No
> If yes, cite the case and manner in which it is related on a separate page. If abeyance or consolidation is warranted, counsel must file a separate motion seeking such relief.

This omission came despite the District Court's October 28, 2024 order in D.P.R. No. 20-cv-1588, which cited the opinion and order granting relief in Mr. Ramos's case. ECF No. 64. And it came after Parra's predecessor was preparing a virtually identical brief as filed in *Ramos-Cruz* that would tell the District Court "that the circumstances in" *Meléndez-Serrano* "are virtually identical to those in *Ramos-Cruz*." ECF No. 73 at 23. Parra knew at the time of the November 19, 2024 docketing statement that the District Court was adjudicating identical legal claims in *Meléndez-Serrano* but didn't say so.

And even if retained counsel was not aware on November 19, 2024, counsel did not provide an update even while lodging a contradictory statement in *Meléndez-Serrano*, which we became aware of once Parra's counsel engaged in the late initiation of appendix-settling discussions.

In contrast to what retained counsel indicated in the docketing statement here and in the opposition to consolidation, the *Meléndez-Serrano* docketing statement filed January 13, 2025 provides as follows:

> **Appendix A- Docketing Statement**
>
> Are any related cases or cases raising related issues pending in this court, any district court of this circuit, or the Supreme Court? Yes
>
> - This case is related to *Ramos-Cruz v. Martinez-Adorno*, 24-2009, as the appellee, Mr. Ramos-Cruz was Mr. Melendez-Serrano's co-defendant in the criminal case before the Puerto Rico courts that resulted in their incarceration. The trial court in this case granted habeas relief to Mr. Melendez-Serrano based essentially on the same reasons as those set forth in the case of *Ramos-Cruz v. Martinez-Adorno*, 24-2009.

So, while retained counsel alleges that appendix-abuse concerns were somehow an unfair surprise, that's an unfounded allegation, and it does not justify an extension to file a separate brief and appendix here while consolidation is necessary to facilitate fair and efficient adjudication without unnecessary expense.

* * * *

Parra's request for a third extension of time is neither supported by good cause nor in the interest of justice. The Court can address the core issues on appeal more efficiently and fairly by consolidating Appeal Nos. 24-2009 and 24-2150 and merging the deadlines in a single schedule.

**ACCORDINGLY,** we respectfully request that the Court:

1. Deny Parra's third motion for extension of time to file a single brief and appendix.
2. Grant the motion to consolidate Nos. 24-2009 and 24-2150; and
3. Set a joint brief and appendix deadline consistent with the April 16, 2025 due date in No. 24-2150.

**RESPECTFULLY SUBMITTED** on March 25, 2025.

**RACHEL BRILL**
Federal Public Defender
District of Puerto Rico

**FRANCO L. PÉREZ-REDONDO**
Assistant Federal Public Defender,
Supervisor, Appellate Unit

**S/KEVIN E. LERMAN*** 
Assistant Federal Public Defender
First Circuit Bar No. 1194361
241 F.D. Roosevelt Ave.
San Juan, Puerto Rico 00918
T. (787) 281-4922
F. (787) 281-4899
E. Kevin_Lerman@fd.org

*****CERTIFICATION:** I ECF-filed this Response, notifying Appellants' counsel.