THE UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT
_____

No. 24-2009

ANTONIO RAMOS-CRUZ.

*Petitioner – Appellee,*

v.

LORRAINE MARTÍNEZ ADORNO, in their official capacity; JANET PARRA MERCADO, in their official capacity,

*Respondents – Appellants.*

ANA ESCOBAR-PABON,

*Respondent.*

**REPLY TO APPELLEES'S RESPONSE TO URGENT MOTION FOR EXTENSION OF TIME**

| | |
|---|---|
| **OMAR ANDINO-FIGUEROA** | **LUIS R. ROMAN-NEGRON** |
| Solicitor General of Puerto Rico | USCA No. 91490 |
| USCA No. 1197240 | ROMAN NEGRON LAW, PSC |
| P.O. Box 9020192 | P.O. Box 360758 |
| San Juan, PR 00902-0192 | San Juan, PR 00936 |
| Tel. (787) 721-2900 | Tel. (787) 979-2007 |
| *Attorney for Appellants* | *Attorney for Appellants.* |

March 26, 2025

On March 24, 2025, Appellants filed an *Urgent Motion for Extension of Time to file Appellants' Brief* ("Urgent Motion"). The *Urgent Motion* explained that Appellants' motion and appendix were ready, but that an untimely and unmeritorious objection by the Appellee to the contents of the appendix prevented the filing within the deadline.

Yesterday, Appellee filed a *Response to Parra's Third Deadline Extension to File Individual Brief and Appendix* ("Response"). The Response sets forth three main arguments, namely: (1) that a single consolidated brief and appendix are necessary; (2) that Appellants' stated reasons for delay are allegedly unpersuasive; (3) Appellants' purported omission of related proceedings contributed to the delay. The arguments advanced in the *Response* are misplaced and should be rejected by the Court.

*First*, the Appellee's initial argument shows that his objections to the appendix appear to be nothing more than a contrived controversy aimed at advancing the motion to consolidate. But, at any rate, his argument for consolidation makes no sense. The Appellee complains about the size of a previous appendix in a related appeal, which exceeded 4,000 pages, while simultaneously advocating for consolidation that could produce an appendix more than twice as large. Specifically, such an appendix would encompass documents from two different district court dockets, each extensive in volume, including records from the original prosecution

leading to the guilty verdicts, as well as documents pertaining to the two proceedings related to motions for a new trial filed before the Puerto Rico courts. Appellants reiterate that they are amenable to consolidation of the cases solely for the Court's decisional purposes, after completion of independent briefing and separate oral arguments. This is because the cases share some common issues of law. But consolidation of briefing would be particularly inefficient and burdensome, given the different procedural backgrounds of the cases.

*Second*, the Appellee's objections about the contents of the appendix are misplaced. As per the terms of Rule 30(a)(1) of the Federal Rules of Appellate Procedure ("FRAP"), the appendix shall include the following documents: (a) the relevant docket entries in the proceeding below; (b) the relevant portions of the pleadings, charge, findings, or opinion; (c) the judgment, order, or decision in question; and (d) other parts of the record to which the parties wish to direct the court's attention. In turn, Local Rule 30(c) of the Local Rules of the First Circuit ("Local Rules") provides, in relevant part, that "[t]he appendix must include any relevant portions of the pleadings, transcripts, exhibits, or other parts of the record referred to in the briefs as may be necessary understand the issues on appeal and to preserve context." In other words, the contents of the appendix are not inflexibly predetermined. It is a document aimed at facilitating the Court's decision-making

process. As such, the specific documents to be included depend on the nature of the case and the issues on appeal.

Here, Appellants are appealing from the District Court's: (1) Opinion and Order dated September 13, 2022, denying Appellants' Motion to Dismiss, (Docket No. 61); (2) Order dated October 12, 2022, denying Appellants' Motion for Reconsideration, (Docket No. 68); (3) Amended Opinion and Order and Amended Judgment dated September 30, 2024, granting habeas relief. (Docket Nos. 231 and 232). As such, there are many docket entries that are relevant to the matters on appeal. And several of these entries are voluminous.

We have asked Appellee's counsel to identify any additional document that they may wish to include in the appendix. In the same vein, we are equally open to discussing eliminating documents that both parties agree may not be indispensable. FRAP 30(a)(2) makes it clear that that "[p]arts of the record may be relied on by the court or the parties even though not included in the appendix." But rather than working toward a timely agreement on the desired changes to the appendix, the Appellee has exploited the situation and created an unnecessary controversy, causing delays and disruptions to the briefing schedule.

*Third*, Appellee's argument regarding the purported omissions on the docketing statement are equally unavailing. Although Case No. 20-1588 (FAB) was pending before the District Court when the docketing statement was filed in this

case, the District Court's *Opinion and Order* and *Judgment* granting habeas relief in that case was issued on December 13, 2024. (Docket No. 77 & 78, Case No. 20-1588 (FAB). The docketing statement in this case was filed on November 19, 2024. Appellee admits that reference to Case No. 24-2009 was made in the docketing statement for Case 24-2150, which was filed on January 13, 2025. Appellee does not even explain why this situation "contributed to the delay." The briefing notice in this case was entered on December 4, 2024, a couple of weeks after the docketing statement was filed. The motion to consolidate was filed by Appellee last week.

In short, the arguments advanced by Appellee in his *Response* are unavailing and should be discarded by the Court.

WHEREFORE, the Appellants respectfully request the Court to (1) GRANT the Appellants' *Urgent Motion*, or alternatively, to set a deadline for notifying if any agreement as to the contents of the appendix was reached, and a date for filing the brief and appendix jointly; and (2) DENY Appellees' *Motion to Consolidate* and the DENY the relief requested by that party in the *Response* filed yesterday.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, this 26th day of March 2025.

*s/Luis R. Román-Negrón*
**LUIS R. ROMAN-NEGRON**
USCA No. 91490
ROMAN NEGRON LAW, PSC
P.O. Box 360758
San Juan, PR 00936

Tel. (787) 979-2007
*Attorney for Appellants.*

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) in that, according to the word-count function of the word-processing program used to prepare the motion (Microsoft Word), the motion contains 894 words, excluding the portions exempted by Rules 27 (d)(2) and 32(f).

*/s/ Luis R. Roman-Negron*
Luis R. Roman-Negron

**CERTIFICATE OF SERVICE**

On March 26, 2025, I filed the foregoing using the CM/ECF system, which effected service on all registered counsel.

*/s/ Luis R. Roman-Negron*
Luis R. Roman-Negron
