# United States Court of Appeals for the First Circuit

_____

**ANTONIO RAMOS CRUZ,** *Petitioner - Appellee*,

*v.*

**LORRAINE MARTINEZ ADORNO,** *Warden*;
**LOURDES LYNETTE GOMEZ TORRES,** *Sec'y of Justice*, *Respondents – Appellants*,
**ANA ESCOBAR-PABÓN,** *Sec'y of P.R. Dep't of Corr. and Rehab.*, *Respondent*

_____

**JUAN CARLOS MELÉNDEZ-SERRANO,** *Petitioner - Appellee*,

*v.*

**ANA ESCOBAR-PABÓN**; **LOURDES LYNETTE GÓMEZ TORRES,** *Attorney General of the Commonwealth of Puerto Rico*; **VÍCTOR MALDONADO,** *Warden*;
*Respondents – Appellants*,

On Appeal from the U.S. District Court, District of Puerto Rico

_____

## JOINT MOTION FOR EXTENSION OF TIME TO FILE APPELLEES' BRIEFS

_____

When appellees Antonio Ramos-Cruz and Juan Carlos Meléndez-Serrano were granted a new trial last year, former Puerto Rico Attorney General Domingo Emanuelli-Hernández could have insisted that any potential appeal be assessed by public prosecutors who must swear an oath to uphold the U.S. and Puerto Rico constitutions and must follow strict ethics rules that govern prosecutors. This step would have been logical and appropriate given that the wrongfully convictions

against Appellees are part of a significant and terrifying pattern of wrongful convictions visited upon innocent defendants by ex-prosecutor Andrés Rodríguez-Elías.

At least four other wrongful Rodríguez-Elías convictions have been reversed. As the District Court noted (now without dispute by the Commonwealth), Rodríguez-Elías "prosecuted José Luis Latorre, José Caro-Pérez, Nelson Ruiz-Collin ("Ruiz"), and Nelson Ortiz-Álvarez in the late 1980s and early 1990s." *Ramos-Cruz v. Emanuelli-Hernández*, No. 20-cv-1589, 2024 U.S. Dist. LEXIS 179921, at *2 n.1 (D.P.R. Sep. 30, 2024) (citing ECF No. 39 at 6). Not only were these four others "wrongfully convicted and released after prevailing in post-conviction litigation," "Ruiz later alleged, inter alia, that" ex-prosecutor Rodríguez-Elías had "'provided the two main witnesses in [his] criminal trial, with statements and photographs that were used by the witnesses to concoct a false story regarding their personal knowledge of the facts of the case.'" *Id.* (quoting *Ruiz-Collin v. Rodríguez-Elías*, 17-cv-2223, ECF No. 1 at 16 (D.P.R. Sept. 23, 2017)). As Mr. Ramos noted below, Rodríguez-Elías's conduct with the "false story" in the Ruiz case bears a striking resemblance to what happened with the peculiar testimony generated by teen witnesses Babi and Joito after lengthy Rodríguez-Elías interrogations.

Yet, the former secretary of justice outsourced his attack on the District Court's grant of a Writ of Habeas Corpus to a for-profit firm that has not taken on a

"special prosecutor" role. Indeed, the firm has a general civil retainer with the Department of Justice and has expressly disavowed any obligation to follow prosecutorial ethics rules.

Laboring outside applicable prosecutorial rule and norms, the private for-profit firm has submitted a collection of arguments in its opening brief apparently without considering whether the "interests of justice are … served" by them. ABA Standard 3-8.5. While a motion to disqualify the firm is pending before the yet-to-be-assigned merits panel, the government's ongoing use of its private contractors at the firm is also one of the factors affecting Appellees' research needs for the answering brief. For example, while civil law jurisprudence and the Federal Rules of Civil Procedure do not prohibit the selective raising of affirmative defenses against separate defendants, in matters originating in the criminal law, courts may apply principles like the miscarriage-of-justice doctrine to grant relief to a defendant who might not procedurally qualify so long as relief on the merits was granted to a codefendant. So, had public prosecutors been assigned briefing responsibilities here, their ethical duties may have moved them to not raise inconsistent procedural issues against the Appellees if it meant either one of the men would have otherwise obtained affirmance on the merits. Yet, the private contractors' brief here shows no such restraint, purporting to raise an equitable-tolling dispute against Mr. Ramos that wouldn't

hinder reaching the merits of the District Court's grant of 28 U.S.C. § 2254 relief to

Mr. Meléndez. Likewise, the private contractors purport to plead a second-or-

successive-petition issue against Mr. Meléndez that presents no barrier to affirming

relief on the merits to Mr. Ramos.

What is more, where civil legal services retainers may permit and even encour-

age a private for-profit firm to put the needs and desires of individual clients[1] above

the interests of justice, guidance for prosecutors is far more nuanced. *See, e.g.*, Mot.

to Disqualify Private Firm (Apr. 7, 2025); Mot. to Assign Merits Panel for

Reconsideration (May 27, 2025). Under the ABA Model Rules, "[a] prosecutor has

the responsibility of a minister of justice and not simply that of an advocate." M.R.

3.8 cmt. 1 (2008).

Thus, given the above concerns and the structural issues inherent in the

Commonwealth's reliance on private contractors here, it is necessary to review the

firm's brief with greater care than would ordinarily be required of a pleading

prepared under standard prosecutorial ethics safeguards. Examples include the

firm's choice to omit detailed record citations from most of the appellants' brief even

---

[1] This is not a hypothetical observation here as the firm's retainer calls on the firm to serve the "aim of representing the best interests of the Secretary of Justice [Attorney General], the Government of Puerto Rico, and its officials and employees." Retainer 1 (emphasis added).

while submitting an appendix containing 8,000-plus pages. While government attorneys serving the ends of justice would be obliged to include record citations and an curate the appendix to ensure clarity and candor (particularly to avoid concealing the fact that prosecutors had waived a particular issue below), the private firm here appears to have concealed a defect in the firm's procedural arguments in that their de minimis tolling claim that may have been waived below. And where government attorneys are expected to exercise judgment in limiting appeals to meritorious issues, bare civil retainers may create incentives to raise any and all issues regardless of merit. The brief filed here reflects that approach, as several arguments appear insubstantial enough to warrant consideration of summary disposition motion under 1st Cir. R. 27.0.

In sum, the unusual use of private contracting—apparently with no prosecutorial ethics safeguards—at this stage of proceedings means a greater degree of research is needed to explain why the contractors' brief suffers from a lack of meritorious argument.

As such, due to specific research and drafting demands in this case, Appellees Ramos and Meléndez respectfully request a second extension of time to file a response to the private firm's August 12, 2025 brief. In addition to demands specific to this case, the press of urgent court-assigned matters on behalf of restrained and

incarcerated indigent clients also supports this request. Counsel for Mr. Meléndez recently finished a lengthy trial in District of Virgin Islands Case No. 23-cr-16-WAL, *United States v. Smith*. Undersigned counsel for Mr. Ramos also faces an impacted caseload and just tendered the opening brief in *United States v. De Jesús-De Jesús*, No. 25-1085, on October 8, 2025. Counsel is also preparing to submit two briefs on or before this Friday, October 17, 2025, in *United States v. Fernández-Santos*, No. 25-1090, and *United States v. Negrón-Cruz*, No. 25-1017.

As previously stated, given the stakes of the present appeals and our ongoing concerns over the private firm's conflicts of interest and failure to follow prosecution-directed ethics rules, the drafting of Appellees' responsive pleadings requires the utmost care and attention, which we will continue providing in order to tender briefing without unnecessary delay.

**WHEREFORE,** it is respectfully requested that the Court extend the subject due date through November 12, 2025. This request is made in good faith and not for the purpose of delay. Where Appellants have sought and obtained a stay of the District Court's new-trial order and both Appellees are residing in the community, an extension, if granted, will not unduly prejudice any party.

**RESPECTFULLY SUBMITTED** on October 14, 2025.

**RACHEL BRILL**
Federal Public Defender
District of Puerto Rico

**FRANCO L. PÉREZ-REDONDO**
Assistant Federal Public Defender
Supervisor, Appellate Division

*S/Juan F. Matos de Juan*
Juan F. Matos de Juan
First Circuit Bar No. 52447
255 Ponce de Leon, Suite 1210
Hato Rey, Puerto Rico, 00917
Telephone: (787) 509-2335
E-Mail: matos@sgmr.net

**s/KEVIN E. LERMAN***
Assistant Federal Public Defender
First Circuit Bar No. 1194361
Tel.: (787) 281-4922
Email: Kevin_Lerman@fd.org

Counsel for Juan Carlos Meléndez-Serrano

Counsel for Antonio Ramos-Cruz

**\*CERTIFICATION:** I ECF-filed this motion on October 14, 2025, notifying all parties of record, including counsel for the appellee.